Opinion issued April 19, 2016



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-15-00141-CV

_____

**MADHUSUDAN SHAH, Appellant**

**V.**

**SODEXO SERVICES OF TEXAS LIMITED PARTNERSHIP, Appellee**

---

On Appeal from the 55th District Court
Harris County, Texas
Trial Court Case No. 2014-20678

---

## O P I N I O N

This appeal presents the question of whether a hospital patient's personal-injury claim alleging negligent operation of a beverage cart by a food-service provider is a "health care liability claim" for the purposes of the Texas Medical Liability Act. The patient appeals from the trial court's dismissal of his claims for

failure to file an expert report in compliance with the TMLA. *See* TEX. CIV. PRAC. & REM. CODE § 74.351. We conclude that there was no substantive relationship between the safety standards the patient alleged were breached and the provision of health care. We reverse the trial court's dismissal and remand for further proceedings consistent with this opinion.

## Background

Madhusudan Shah was injured while he was a patient at Ben Taub Hospital. While getting a cup of coffee from a vending machine, he was struck by a beverage cart that was being pushed by an employee of Sodexo Services of Texas Limited Partnership, a company which provides food service to patients and visitors at the hospital. Shah sued Sodexo, alleging that it was responsible for its employee's negligence under the theory of respondeat superior. Sodexo contended that Shah's claims were health care liability claims under Chapter 74 of the Civil Practice and Remedies Code. Without conceding that his claims were health care liability claims, Shah served an expert report from an engineer, who stated that the accident probably was caused by inadequate training and the employee's inability to see over or around the cart.

Sodexo objected to the expert report asserting that it was untimely, it was not made by a physician, and it did not fairly summarize the elements of standard of care, breach, and causation. Sodexo moved to dismiss Shah's claims, alleging that

2

they were health care liability claims for departures from standards of safety and that he had failed to timely file an expert report. Shah argued that his claims were not health care liability claims for the purposes of the Texas Medical Liability Act.

Ruling without the benefit of the decision in *Ross v. St. Luke's Episcopal Hospital*, 462 S.W.3d 496 (Tex. 2015), the trial court granted the motion to dismiss. Shah appealed.

### Analysis

Under the Texas Medical Liability Act, a health care liability claim (or "HCLC") consists of three elements: (1) the claim must be asserted against a doctor or health care provider, (2) it must pertain to "treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care," and (3) the alleged departure must proximately cause injury or death to a claimant. TEX. CIV. PRAC. & REM. CODE § 74.001(a)(13). If this statutory standard applies to a claim, then the claimant must file an expert report which "provides a fair summary of the expert's opinions" about standard of care, breach, and causation. *Id.* § 74.351(a), (r)(6). The expert report must be served within 120 days of the filing of the defendant's answer. *Id.* § 74.351(a). If an expert report has not been timely filed, the court must grant a defendant health care provider's motion to dismiss and award reasonable attorney's fees and costs of court. *Id.* § 74.351(b).

The central issue in this case is whether Shah's claims qualified as "health care liability claims." After this appeal was filed, the Supreme Court of Texas provided new guidance about the second element of a health care liability claim in the context of a claimed departure from standards of safety. *See Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 504 (Tex. 2015); *see also Galvan v. Mem'l Hermann Hosp. Sys.*, 476 S.W.3d 429, 430–33 (Tex. 2015); *Reddic v. E. Tex. Med. Ctr. Reg'l Health Care Sys.*, 474 S.W.3d 672, 673–76 (Tex. 2015). The Supreme Court held that "for a safety standards-based claim to be an HCLC there must be a substantive nexus between the safety standards allegedly violated and the provision of health care." *Ross*, 462 S.W.3d at 504. The Court explained that the "pivotal issue in a safety standards-based claim is whether the standards on which the claim is based implicate the defendant's duties as a health care provider, including its duties to provide for patient safety." *Id.* at 505. The Court set out seven nonexclusive factors for courts to consider when determining whether a claim is related to the defendant's provision of health care:

1. Did the alleged negligence of the defendant occur in the course of the defendant's performing tasks with the purpose of protecting patients from harm;

2. Did the injuries occur in a place where patients might be during the time they were receiving care, so that the obligation of the provider to protect persons who require special, medical care was implicated;

4

3.   At the time of the injury was the claimant in the process of seeking or receiving health care;

4.   At the time of the injury was the claimant providing or assisting in providing health care;

5.   Is the alleged negligence based on safety standards arising from professional duties owed by the health care provider;

6.   If an instrumentality was involved in the defendant's alleged negligence, was it a type used in providing health care; or

7.   Did the alleged negligence occur in the course of the defendant's taking action or failing to take action necessary to comply with safety-related requirements set for health care providers by governmental or accrediting agencies?

*Id.*

We generally review a trial court's ruling on a motion to dismiss a health care liability claim for an abuse of discretion. *See, e.g.*, *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 875 (Tex. 2001). However, when the question is whether the claim is a health care liability claim, we use a de novo standard of review. *E.g.*, *Bioderm Skin Care, LLC v. Sok*, 426 S.W.3d 753, 757 (Tex. 2014). We consider the entire record, including the pleadings, motions, responses, and relevant evidence properly admitted. *Cage v. Methodist Hosp.*, 470 S.W.3d 596, 600 (Tex. App.—Houston [1st Dist.] July 9, 2015, no pet.). If the record does not affirmatively show that the plaintiff's claims are health care liability claims, the statutory expert-report requirements do not apply. *See Ross*, 462 S.W.3d at 505.

5

Shah raised three issues on appeal, but the first one is dispositive. In his first issue, he argues that his claims do not fit the statutory definition of a "health care liability claim" because there is no "substantive nexus" between his claim based on the violation of safety standards and the provision of health care.

The *Ross* factors inform our determination. The first factor asks whether the alleged negligence occurred in the course of the defendant performing tasks with the purpose of protecting patients from harm. *Id.* Shah's petition alleged that he was "violently struck by a cart operated by an employee of Defendants." It further alleged that the employee had a duty to operate the cart with "reasonable care" and failed to do so. Specifically, the petition alleged that the employee breached this duty by "(a) Not watching where he or she was pushing the cart; (b) pushing the cart at an unsafe rate of speed; (c) not keeping a proper lookout; (d) not paying attention; (e) not detecting Plaintiff's obvious presence near the vending machine; (f) generally operating the cart in a random, haphazard, and careless manner inconsistent with the duty of reasonable care; and/or (g) committing other negligent acts or omissions to be established at the time of trial." There was no allegation in the petition that Sodexo's alleged negligence occurred in the course of performing tasks that had the purpose of protecting patients from harm.

Sodexo relies on its contract with the hospital, which listed certain duties for which it was responsible. These included tasks such as cleaning vending machines

and eating areas, creating menus, and providing and delivering nourishment, supplies, and supplements. Nothing in the contract indicated that Sodexo would perform these tasks for the particular purpose of protecting patients from harm, as opposed to a more generalized purpose of making food and beverage available to people in the hospital regardless of whether they were providing or receiving medical treatment.

The record does not otherwise show whether the beverages on the cart that struck Shah were intended for patients. An affidavit from a senior Sodexo executive stated that Sodexo's services included provision of food for patients as well as "catering and serving the general public in the main cafeteria." Because nothing in the record shows that the alleged negligence occurred in the course of Sodexo's performing tasks with the purpose of protecting patients from harm, the first *Ross* factor weighs against finding Shah's claims to be health care liability claims.

The second *Ross* factor asks whether the injuries occurred in a place where patients might be during the time they were receiving care, so that the obligation of the provider to protect persons who require special, medical care was implicated. *Id.* This factor does not support characterizing Shah's claim as a health care liability claim. The petition alleged that he was standing beside a vending machine trying to get a cup of coffee at the time he was struck by the cart. The record does not reveal

where the vending machine was located, if it was something that only patients and health care providers could access, or if it was available to the general public.

The third factor asks whether the claimant was "in the process of seeking or receiving health care at the time of his injury." *Id.* In his petition, Shah alleged that he was "a resident at Ben Taub Hospital" on the day when he was struck by the cart. The record is otherwise silent about whether he was actively seeking or receiving health care at the specific time of his injury. For example, this record does not show whether Shah was waiting to be seen by a health care provider or actively receiving medicine on a portable IV pole at the time he got coffee from the vending machine. This factor is neutral in our analysis.

The fourth factor asks whether the claimant was providing or assisting in providing health care at the time of the injury. *Id.* Shah's petition implies that he was receiving care, and no evidence suggests that he was a health care provider. This factor weighs in favor of determining that his claims are not health care liability claims.

Similarly, the fifth, sixth, and seventh factors weigh in favor of finding Shah's claims not to be health care liability claims because these factors are not supported by the record. The fifth factor asks whether the alleged negligence was based on a departure from safety standards arising from professional duties owed by the health care provider. *Id.* Shah's allegations do not implicate any particular professional

8

duty or safety-related requirements. Rather, he simply alleged that Sodexo's employee failed to exercise reasonable care. The sixth factor asks whether an instrumentality was involved in the alleged negligence, and if so, whether it was the type of instrumentality used in providing health care. *Id.* The record does not demonstrate that a beverage cart is an instrumentality used in providing health care. Finally, the seventh factor asks whether the alleged negligence occurred while the defendant took or failed to take action to comply with safety-related requirements set by governmental or accrediting agencies. The only standards pertaining to Sodexo disclosed by the record are in the parties' contract. These contractual responsibilities have not been shown to be safety-related requirements set by governmental or accrediting agencies. Accordingly, we conclude that the fifth, sixth, and seventh factors weigh in favor of a finding that the claims are not health care liability claims.

In arguing for an opposite conclusion, Sodexo places great weight on Shah's status as a patient at the hospital where he was injured. However, the Supreme Court rejected using that distinction as a dispositive factor determining whether a plaintiff's claims are health care liability claims. *See id.* at 504. The Supreme Court has stated that "the mere location of an injury in a health care facility or in a health care setting does not bring a claim based on that injury within the TMLA so that it is an HCLC." *Id.* at 504–05. The record in this case simply does not reveal a

9

"substantial nexus" between the Sodexo employee's alleged negligence and the provision of health care. In the absence of a "substantive nexus between the safety standards allegedly violated and the provision of health care," we hold that Shah's claims are not health care liability claims. Therefore, Shah was not required to satisfy the expert-report requirements of the Texas Medical Liability Act.

We sustain Shah's first issue, and having done so, we do not reach his second or third issues. *See* TEX. R. APP. P. 47.1.

## Conclusion

We reverse the trial court's judgment, and we remand for further proceedings consistent with this opinion.

Michael Massengale
Justice

Panel consists of Chief Justice Radack and Justices Massengale and Brown.